**UNITED STATES OF AMERICA,
Plaintiff—Appellee,**

v.

**Glenn–Idly Salvador TANDO, aka
Glenn–Idly Tando, Defendant—
Appellant.**

**United States of America,
Plaintiff—Appellee,**

v.

**Rizza Ginelle Sotiangco, Defendant—
Appellant.**

Nos. 02–50269, 02–50272.
D.C. Nos. CR–01–00710–GHK–
01, CR–01–00710–GHK–2.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 4, 2003.

Decided June 18, 2003.

Before THOMPSON, TROTT, and TALLMAN, Circuit Judges.

MEMORANDUM *

Glenn–Idly Tando ("Tando") and Rizza Ginelle Sotiangco, (collectively "Appellants"), appeal the district court's order denying their motion to suppress evidence obtained from a search conducted based on the consent of Tando's mother ("Mrs.Tando"). We review de novo a district court's decision on a motion to suppress, but we review the district court's factual findings for clear error. *United States v. Jones,* 286 F.3d 1146, 1150 (9th Cir.2002). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

* This disposition is not appropriate for publication and may not be cited to or by the courts

## DISCUSSION

We conclude that the district court's factual findings are not clearly erroneous and, based on those findings, (1) Mrs. Tando had authority to consent to the search of Tando's bedroom; (2) her consent was voluntary for purposes of the Fifth Amendment; and (3) the prior illegal entry into Tando's room did not taint her subsequent consent for purposes of the Fourth Amendment.

### 1. Authority to Consent

■ Based on its factual findings and the testimony regarding Mrs. Tando's access to Tando's bedroom, the district court correctly concluded that Mrs. Tando possessed authority to consent to the search. *See Illinois v. Rodriguez,* 497 U.S. 177, 181, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990) (defining "common authority" as "joint access or control for most purposes") (internal quotation marks and citation omitted). Additionally, Mrs. Tando had apparent authority to consent because "the facts available to the officer[s] at the moment [would] warrant [men] of reasonable caution in the belief that [Mrs. Tando] had authority over the premises." *Id.* at 188, 110 S.Ct. 2793 (internal quotation marks and citation omitted).

### 2. Voluntary Consent

■ The district court "considered the witnesses' demeanor and manner while testifying" and found that Mrs. Tando "readily granted [permission to conduct a search of Tando's room] without any hesitation," and without being "asked repeatedly." These factual findings are supported by the testimony of Officers

of this circuit except as provided by Ninth Circuit Rule 36–3.

Schlegel and Patriquin, and are not clearly erroneous.

The district court also did not clearly err in using those factual findings to conclude that Mrs. Tando voluntarily consented to the search of Tando's room. *See United States v. Furrow*, 229 F.3d 805, 813 (9th Cir.2000), *rev'd on other grounds by United States v. Johnson*, 256 F.3d 895 (9th Cir.2001) ("A district court's determination of whether a person voluntarily consented to a search depends on a totality of the circumstances and is a question of fact reviewed under a clearly erroneous standard."). The district court considered the totality of the circumstances and found that (1) Mrs. Tando was not in custody nor were her movements directed by the officers in any way; (2) the officers did not unholster or brandish their weapons; (3) Miranda warnings were not an issue because Mrs. Tando was not in custody or suspected of wrongdoing; and (4) the officers did not tell Mrs. Tando that a search warrant could be obtained. *See Jones*, 286 F.3d at 1152 (listing factors to consider when evaluating the voluntariness of consent). Although Mrs. Tando was not advised that she could refuse to consent, she testified that she realized if she refused to consent the police would not have been able to search the room and that they would not do anything to her if she did not consent to the search. These factors weigh in favor of the district court's conclusion that Mrs. Tando voluntarily consented to the search of Tando's bedroom.

3. Taint

■ The district court determined that the initial protective sweep of Tando's room violated Appellants' Fourth Amendment rights. We conclude that Mrs. Tando's "consent is sufficiently an act of free will to purge the primary taint of the unlawful invasion." *Furrow*, 229 F.3d at 813 (internal quotation marks and citation omitted).

The district court had the opportunity to observe the demeanor of the witnesses and it chose to credit Officer Schlegel's in-court testimony over his declaration and to rely on Mrs. Tando's in-court testimony. The district court appropriately relied on this testimony to find that Mrs. Tando was unaware of the protective sweep and the discovery of alleged narcotics when she consented to the search of her son's room. The evidence Tando cites to support his version of the facts is not sufficient to demonstrate that the district court's findings are clearly erroneous.

"Lack of knowledge of a prior search is an intervening factor which dissipates the coercion inherent in a request for consent made after an unconstitutional search." *Furrow*, 229 F.3d at 814. Accordingly, Mrs. Tando was "in the same posture for considering whether to consent to a search as a person not previously subject to an illegal entry," *id.*, and her consent was not tainted by the illegal protective sweep.

## CONCLUSION

Appellants failed to demonstrate that the district court's factual findings or credibility determinations were clearly erroneous. Based on the facts as determined by the district court, we conclude that Mrs. Tando (1) had authority to consent to the search; (2) voluntarily consented; and (3) her consent was not tainted by the prior illegal search. Accordingly, we affirm the district court.

AFFIRMED.